812 P.2d 313

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert James OAKLEY,
Defendant-Appellant.**

No. 18360.

Court of Appeals of Idaho.

May 31, 1991.

B.E. Behrmann, Emmett, for defendant-appellant.

Larry EchoHawk, Atty. Gen. and Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Robert James Oakley entered a conditional guilty plea, pursuant to I.C.R. 11, to one count of manufacture of a controlled substance (marijuana), I.C. § 37–2732(a)(1)(B), reserving his right to appeal the orders of the district court denying his motions to dismiss and motions to suppress. For the reasons stated below, we affirm.

Oakley was arrested without a warrant on January 23, 1988, after a search of his residence and other buildings on the property revealed several pounds of marijuana and evidence of a marijuana growing and processing operation. Earlier the same day, a magistrate had issued a search war-

rant for this property based on the testimony of four police officers. The officers testified regarding their own observations of Oakley and his co-defendant, information from two confidential informants, and data obtained from the local power company showing electrical usage for the Oakley property over the preceding ten months. Oakley was living on the property as a caretaker, and the account with the local power company was in the name of Oakley's father.

Because there was evidence that firearms were in the residence and that Oakley might put up armed resistance, the magistrate allowed the officers to enter the residence without knocking to conduct the search. Because of the officers' safety concerns, Oakley was called to the Weiser police station prior to the search, apparently on the pretense that an unrelated driver's license problem had been resolved. Narcotics officers called Oakley at the police station, told him they had the search warrant, and asked him if he would tell them anything about the house. Oakley responded that they would find marijuana in the residence, but that it was just for his own personal use. The officers then conducted the search, found the marijuana and evidence of a growing operation, and relayed a message back to the police station to place Oakley in custody.

Oakley was arrested without a warrant at the police station and charged with one count of manufacture of a controlled substance (marijuana) and one count of possession of a controlled substance (marijuana) with the intent to deliver, I.C. § 37–2732(a)(1)(B). Oakley and his co-defendant filed numerous motions to suppress and to dismiss, challenging, among other things, the veracity of the confidential informants and the use of the power company's records to obtain the warrant. Hearings were held on these motions, and all of Oakley's motions eventually were denied. Pursuant to a Rule 11 plea agreement, Oakley then entered his conditional guilty plea to the manufacture count, and the state dismissed the charge of possession with intent to deliver.

■ Idaho Criminal Rule 11(a)(2) allows a defendant to enter a conditional guilty plea, "reserving in writing the right, on appeal from the judgment, to review any specified adverse ruling." The plea agreement in the instant case reserved for appeal four issues raised in Oakley's motions to suppress: (1) whether a warrant was required to obtain the information on electrical power usage; (2) whether there was probable cause to arrest Oakley; (3) whether the state must identify, and produce for cross-examination, the confidential informants whose information was used to obtain the search warrant; and (4) whether the search warrant was properly served. We will not consider whether the search warrant was properly served. Even if we deemed that issue to be a subsidiary issue fairly comprised in Oakley's statement of issues on appeal, his failure to support the alleged error with argument and authority is deemed a waiver of the issue. *State v. Burris*, 101 Idaho 683, 684, 619 P.2d 1136, 1137 (1980); I.A.R. 35(a)(4), (6).

## I. Use of Electric Power Consumption Data

■ This Court has held that electrical usage data may be used to establish probable cause for a search warrant. *State v. Ledbetter*, 118 Idaho 8, 11, 794 P.2d 278, 281 (Ct.App.1990). However, Oakley argues that the fourth amendment to the United States Constitution required the police officers to first obtain a search warrant in order to obtain the electrical usage records from the local power company. We hold that Oakley has no standing to assert this claim.

> [A] person asserting standing to suppress must demonstrate some proprietary interest in the premises searched or some other interest giving a reasonable expectation of privacy, *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).... A suppression motion must be predicated on a defendant's personal legitimate fourth amendment interest and cannot merely be a vicarious claim that the government has

invaded some other third person's privacy rights.

*State v. Cowen*, 104 Idaho 649, 651, 662 P.2d 230, 232 (1983).

█ Oakley has asserted absolutely nothing to demonstrate that he had a proprietary interest in the records of the local power company, nor has he demonstrated any other reasonable expectation of privacy in those records. A valid fourth amendment claim requires that an individual, by his conduct, has exhibited a subjective expectation of privacy in the searched premises *and* that the expectation is objectively reasonable. *Smith v. Maryland*, 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979); *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *United States v. Taketa*, 923 F.2d 665 (9th Cir.1991). There is no evidence in this record to indicate that Oakley had a subjective expectation of privacy in the power company records. In the affidavit he filed in support of his motion to suppress, he stated that the electric bill was in the name of his father (who resided outside of the country) and that neither he nor his father had authorized the power company to give the power information to the police officers. At the hearing on the suppression motion, Oakley did not testify, and he called no witnesses.

Even if we were to assume that Oakley had a subjective expectation of privacy in the power data, we cannot conclude that such an expectation was objectively reasonable. The power usage data came from business records of the power company, and the account was in the name of Oakley's father. Oakley did not even assert that he ever paid a bill from the power company. He has made no assertions, nor put forth any evidence, from which it would be objectively reasonable to assume that he had any protectable interest in the records of the power company.

## II. The Confidential Informants

Oakley argues that the sixth amendment to the United States Constitution, which gives a defendant the right to confront the witnesses against him, gives Oakley the right to cross-examine the confidential informants. The prosecutor in this case refused to disclose to Oakley the identity of the confidential informants because the state was not going to call them as witnesses.

The state is not required to disclose the identity of a confidential informant, "unless such informant is to be produced as a witness at a hearing or trial, subject to any protective order under Rule 16(k) or a disclosure order under Rule 16(b)(8)." I.C.R. 16(f)(2). However,

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Franks v. Delaware*, 438 U.S. 154, 155–156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978).

█ Oakley and his co-defendant filed several affidavits in support of their motions to suppress. All of these affidavits alleged that the informants did not exist, and/or that if the informants did exist, they had lied to the officers. The affidavits contained no facts to support these allegations, but did contain statements by Oakley and his co-defendant that they were prepared to testify regarding allegedly false statements made by the officers to the magistrate. Oakley and his co-defendant also alleged in their affidavits that the state deliberately used the allegedly false

statements in bad faith and in reckless disregard for the truth.

At the hearings on the motions to suppress, Oakley was given the opportunity to conduct a *Franks*-type inquiry. Oakley's counsel cross-examined three of the four officers [1] who provided information to the magistrate in anticipation of obtaining the search warrant. The officers testified, as they did before the magistrate, regarding the confidential informants' veracity and reliability and the officers' corroboration of the informants' information. The officers also testified regarding their own observations of Oakley's activities over a period of three to four months.[2] Neither Oakley nor his co-defendant testified, and Oakley's counsel rested on their totally conclusory affidavits. The district court denied Oakley's motions to suppress, concluding that there was sufficient evidence before the magistrate to support a finding of probable cause to issue the search warrant. We conclude that Oakley has failed to meet his burden of establishing by a preponderance of the evidence that the officers intentionally, or with reckless disregard for the truth, provided false information regarding the informants to the magistrate.

### III. Probable Cause for the Arrest

 Finally, Oakley argues that the officers lacked probable cause to arrest him without a warrant. We find no merit in this argument. A police officer may arrest a person without a warrant "[w]hen a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it." I.C. § 19–603(3). The lawful search of Oakley's residence and other buildings on the property revealed a quantity of marijuana, indicating that one or more felonies had been committed. The officers clearly had reasonable cause to believe that Oakley, who resided on the premises, committed the felony. They then communicated this infor-

mation to the officers at the police station, who arrested Oakley. *See, e.g., State v. Rubio,* 115 Idaho 873, 771 P.2d 537 (Ct. App.1989). It is not necessary under I.C. § 19–603(3) that the felony be committed in the presence of the arresting officer. The statute also authorizes an arrest based upon a request from other police officers if the officer requesting the arrest has probable cause to believe that the arrestee committed a felony. *State v. Crawford,* 99 Idaho 87, 100, 577 P.2d 1135, 1148 (1978).

The orders of the district court denying Oakley's motions to suppress and to dismiss are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.

---

1. The fourth officer had provided the electric power usage information to the magistrate. Oakley did not challenge the truthfulness of this information; he challenged the use of the information because it was obtained without a warrant.

2. Oakley also argues that information provided by the officers was "stale" and could not have supported a finding of probable cause. Under the circumstances of this case, we reject this argument.