112 P.3d 831

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Kevin Ray PIRO, Defendant–Appellant.**

No. 30000.

Court of Appeals of Idaho.

Jan. 26, 2005.

Molly J. Huskey, State Appellate Public Defender; Eric Don Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Kevin Ray Piro appeals after being convicted of rape and burglary. Piro contends that the trial court erred in denying his motion to suppress DNA evidence obtained from a bottle of water given to Piro during a police interrogation. Piro also contends that the court erred in denying his motion for a reduction of his sentences. We affirm.

## I.

## BACKGROUND

In January 2000, the Boise Police Department investigated a forcible rape that occurred after the perpetrator entered the victim's apartment through an unlocked door. The victim was unable to identify the assailant, but doctors who conducted a rape examination were able to retrieve semen from her body. The semen was tested for DNA and the results entered into a national database.

Approximately one year later, Piro was taken into custody by Garden City police for questioning about attempted lewd conduct with an eleven-year-old girl. During the questioning, officers offered Piro a bottle of water, which he accepted. Later, the officers asked Piro to give a DNA sample by use of a cheek swab. Piro refused, saying that he wanted an attorney before doing so. At that point, the interrogation ceased and Piro was arrested for attempted lewd conduct. When the officers took Piro from the interview room to be booked, they instructed him to leave the water bottle behind. The bottle was later tested for DNA. It eventually was discovered that Piro's DNA on the bottle matched the DNA obtained in the investigation of the January 2000 rape.

After Piro was charged with rape, Idaho Code § 18–6101, and the associated burglary, I.C. § 18–1401, he filed a motion to suppress the DNA evidence extracted from the water bottle. Piro argued that this evidence was obtained unlawfully because the officers had not first obtained a detention warrant pursuant to I.C. § 19–625. The district court denied the motion, and a jury found Piro guilty of both charges. The court then imposed a unified life sentence with thirty years deter-

minate for the rape and a consecutive unified ten-year sentence with five years determinate for the burglary. Piro later filed a motion for reduction of his sentences pursuant to Idaho Criminal Rule 35, which motion was denied. He now appeals, challenging the denial of his suppression motion and the denial of his Rule 35 motion.

## II.

## ANALYSIS

### A. Suppression Motion

■ Piro's argument for suppression turns upon the following provisions of I.C. § 19–625:

(1) A peace officer who is engaged, within the scope of his authority, in the investigation of an alleged criminal offense which is a felony may make written application upon oath or affirmation to a judge of any district court, or magistrates division thereof, for an order authorizing the temporary detention, for the purpose of obtaining evidence of identifying physical characteristics, of an identified or particularly described individual residing in or found in the jurisdiction over which the judicial officer presides. The order shall require the presence of the identified or particularly described individual at such time and place as the court shall direct for obtaining the identifying physical characteristic evidence....

....

(2) Any order issued pursuant to the provisions of this section shall specify the following:

....

(H) That the individual so identified or described shall have the right to legal counsel during the detention when such evidence is obtained and if he is unable to afford private counsel an attorney shall be provided at public expense....

Piro argues that this statute requires that police obtain a detention warrant and provide a detainee with counsel before obtaining evidence of identifying physical characteristics. He contends that the officers' failure to se-

cure a detention warrant in his case violated his statutory right to assistance of counsel and thereby rendered the water bottle evidence inadmissible. In response, the State contends that section 19–625 does not apply in this case because Piro was already lawfully detained when the DNA evidence was acquired.

■ The State is correct. Contrary to Piro's assertion, I.C. § 19–625 has no application if a defendant is already lawfully detained. By its plain terms, the statute comes into play only when police officers are seeking to detain a person for collection of evidence. The statute provides a law enforcement tool; it is not a notice statute requiring that a suspect be notified and provided legal counsel any time officers are able to acquire personal identification evidence. When the police acquired Piro's DNA from the water bottle, Piro was already legally detained (although not yet formally placed under arrest) on probable cause to believe that he had attempted lewd conduct with a minor. Consequently, there was no need for law enforcement to resort to the procedure authorized in I.C. § 19–625.

This determination is consistent with a prior decision of this Court, *State v. Cootz*, 110 Idaho 807, 718 P.2d 1245 (Ct.App.1986). In that case, upon procuring a section 19–625 warrant police detained Cootz in order to obtain evidence that would connect him to a robbery and aggravated battery. *Id.* at 809, 718 P.2d at 1247. Evidence found on Cootz ultimately connected him to the crimes and he was arrested. *Id.* On appeal, Cootz argued that this evidence was inadmissible because the police had not fully complied with section 19–625 in obtaining and executing the detention warrant. In reviewing the statute we noted that it "authorizes a form of a 'Terry stop,'[1] a limited intrusion into a person's privacy on grounds which may not amount to probable cause for arrest." We went on to conclude that because police officers already had sufficient probable cause for a warrantless arrest of Cootz, the detention warrant was unnecessary and its validity irrelevant. *Id.* at 810–11, 718 P.2d at 1248–49.

1. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

In the present case, based upon the allegations of the young victim and her mother, officers possessed probable cause to execute a valid warrantless arrest of Piro for attempted lewd conduct. Therefore, the officers were not required to follow the procedures of I.C. § 19–625 before detaining Piro and gathering evidence of identifying physical characteristics. Piro had been advised of his *Miranda*[2] rights, including the right to counsel, when the interrogation began and had waived them. Because he was legally detained, the officers were not required to again inform him of his right to counsel pursuant to section 19–625 before obtaining the evidence on the water bottle. The district court therefore did not err in denying Piro's motion to suppress the DNA evidence.

## B. Rule 35 Motion

■ Piro also contends that the district court abused it discretion by denying his motion for reduction of the sentences. Piro argues that the sentences are excessive because the district court did not adequately consider that, prior to the instant offenses, Piro had not previously been convicted of a felony.

■ A motion under Rule 35 is essentially a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Lopez,* 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App.1984). On appeal, our criteria for review of rulings on Rule 35 motions are the same as those applied in determining whether the original sentence was reasonable. *Id.* at 450, 680 P.2d at 872. Our focus is upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). Where a sentence is not illegal, the defendant bears the burden of showing that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

The transcript of Piro's sentencing hearing shows that the district court appropriately took into account all of the goals of sentencing. The court especially noted the egregiousness of this crime and the need to protect society given the nature and extent of Piro's criminal record. Piro has an extensive criminal history, and while he had previously been convicted of only misdemeanors, those convictions are numerous and show a repeated failure to conform to societal standards. The trial court also took into account Piro's refusal to take responsibility for the present offenses or those for which he was previously convicted, and a pattern of making excuses and blaming others for his criminal activity. The court permissibly concluded that Piro's criminal record and personal history showed no prospect for rehabilitation and that societal protection necessitated a lengthy sentence. This record does not indicate that the sentencing court abused its discretion.

Piro also contends that the court, in fashioning the sentences, erred by considering prior charges that were dismissed or of which Piro had been acquitted. This argument is not supported by the record. The court did not address any of these charges when initially sentencing Piro. It was not until the court's decision on the Rule 35 motion that the court described Piro's extensive record. In doing so, the court explicitly observed that a number of the charges had been dismissed or resulted in acquittals. Nothing in the record suggests that the district court considered these prior unproven charges to be valid.

Piro has not shown that the district court abused its discretion in denying his motion for a reduction of the sentences.

## III.

## CONCLUSION

The district court correctly denied Piro's suppression motion because the police officers were not required to comply with I.C. § 19–625 when Piro was already lawfully detained. The district court did not abuse its discretion by denying Piro's motion for reduction of his sentences. Accordingly, the

---

2. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

orders denying Piro's suppression motion and his motion for reduction of sentences are affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.

