**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38575**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 303 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 3, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KEVIN RAY PIRO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Order denying motion for correction of illegal sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

After Kevin Ray Piro was found guilty of burglary and rape, the district court imposed a unified life sentence with thirty years determinate for rape, and a consecutive unified sentence of ten years with five years determinate for burglary.  Piro then filed a timely Idaho Criminal Rule 35 motion for reduction of his sentences, which the district court denied.  This Court affirmed Piro's conviction and the denial of his Rule 35 motion.  *State v. Piro*, 141 Idaho 543, 112 P.3d 831 (Ct. App. 2005).  About six years later, Piro filed another Rule 35 motion in which he sought correction of illegal sentences, contending that his sentences constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.  That motion was denied and Piro appeals.

1

As the State argues, and as Piro acknowledges, his present assertion that his sentences are illegal is barred by the doctrine of res judicata. That doctrine prevents relitigation of issues that have previously been decided in a final judgment or decision in an action between the same parties. *State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000); *State v. Beam*, 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988). Here, in Piro's direct appeal this Court determined that his sentences were not excessive under state law reasonableness standards. *Piro*, 141 Idaho at 546, 112 P.3d at 834. A cruel and unusual punishment claim presents a more difficult standard for the defendant to meet than the state law reasonableness standard, and therefore an affirmation of a sentence on a reasonableness determination inherently indicates that the sentence is not cruel and unusual. *Knutsen v. State*, 144 Idaho 433, 440, 163 P.3d 222, 229 (Ct. App. 2007). It follows that permitting Piro "to challenge the length of his . . . sentence on cruel and unusual punishment grounds when an appellate court has already held on direct appeal that the sentence is not unreasonable would allow [him] to raise the same issue previously ruled upon." *Id.* Consequently, Piro's current challenge to his sentences, as cruel and unusual punishment, is barred by the doctrine of res judicata, and the district court did not err in denying Piro's second Rule 35 motion.

The order of the district court denying Piro's Rule 35 motion for correction of illegal sentences is affirmed.