**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39358**

| | | |
|---|---|---|
| KEVIN RAY PIRO, | ) | 2013 Unpublished Opinion No. 362 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 14, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Kevin Ray Piro, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

In 2002, Kevin Ray Piro was charged with rape, I.C. § 18-1601, and burglary, I.C. § 18-1401. A jury found Piro guilty of both counts. Piro appealed his judgment of conviction, and this Court affirmed in *State v. Piro*, 141 Idaho 543, 112 P.3d 831 (Ct. App. 2005). In 2005, Piro filed his first petition for post-conviction relief. That petition was denied by the district court in 2006, and this Court affirmed in 2008. *Piro v. State*, 146 Idaho 86, 190 P.3d 905 (Ct. App. 2008). During pendency of the appeal of his first petition, Piro filed a second petition for post-conviction relief, which was dismissed on appeal pursuant to Piro's own motion. In 2011, Piro filed his third petition for post-conviction relief. The district court dismissed that petition and Piro appeals. For the reasons set forth below, we affirm.

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904,

1

174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide sufficient reason for permitting newly asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). Failing to provide a post-conviction petitioner with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez v. State*, 133 Idaho 794, 799, 992 P.2d 789, 794 (Ct. App. 1999). Thus, when a second or successive petition alleging ineffectiveness of the initial post-conviction counsel is filed outside of the initial one-year limitation period, application of the relation-back doctrine may be appropriate. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794.

Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.* Therefore, the question is whether Piro filed his successive petition alleging ineffective assistance of prior post-conviction counsel within a reasonable period of time.

Piro argues the reason he failed to bring his claim in a timely matter is that he did not want to reveal incriminating information before he exhausted his appeal regarding DNA evidence from trial. To fully understand Piro's logic, a brief recitation of facts alleged in his affidavit in support of his petition for post-conviction relief is necessary. At trial, a medical expert testified she located semen on a vaginal swab from the victim, as well as from the victim's thigh. DNA from the semen matched Piro and linked him to the crime. Piro claims that his attorney failed to perform an adequate cross-examination of the expert and that, as a result, the truth did not come to light--that the expert contaminated the vaginal swab with the swab from the leg. In turn, this caused Piro to conceal the crime he actually committed: he broke into the victim's apartment but did not rape her--instead, he masturbated over her, ejaculating on her leg. Because of this alleged ineffective assistance of counsel, Piro falsely testified at trial that he had

2

consensual sex with the victim. Because the DNA evidence was the only evidence connecting Piro to the crime, he did not want to risk losing his direct appeal under a harmless error analysis by revealing the aforementioned facts.

Piro's petition was filed more than six years after the entry of his judgment of conviction and approximately three years after this Court rendered a decision on Piro's first post-conviction petition. Ineffective assistance of counsel is a claim that should be reasonably known immediately upon the completion of the trial. *Rhoades v. State*, 148 Idaho 247, 253, 220 P.3d 1066, 1072 (2009). Furthermore, the reason for the delay alleged by Piro is insufficient. As the district court stated in its order dismissing the petition, "the reluctance to be truthful to the Court does not constitute adequate grounds for not earlier asserting [Piro's] claims. The Court will not give Mr. Piro additional chances for post-conviction relief simply because he is willing to commit perjury to avoid liability." We concur in this analysis. We decline Piro's invitation to extend the time for filing his successive petition for post-conviction relief in order to allow him to perpetuate his admitted perjury for six years and then assert new claims based upon what he now asserts is the truth.

Piro also argues the recent United States Supreme Court decision in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012) excuses his late assertion of ineffective assistance of counsel. It is difficult to comprehend why that would be the case since his successive petition was filed months before *Martinez* was decided. In any event, we note that the holding in *Martinez* is narrow--the Court simply recognized an equitable exception to the rule that an attorney's errors in an initial collateral proceeding do not establish cause for a procedural default in a subsequent federal habeas case. The case does not suggest that ineffective assistance of counsel in an initial collateral proceeding operates to excuse the assertion of such ineffective assistance in a subsequent collateral proceeding filed many years after the fact. However, we need not address this argument. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

We affirm the district court's order dismissing Piro's successive petition for post-conviction relief. Costs, but not attorney fees, are awarded to respondent as the prevailing party on appeal.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**