# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41369

| | | |
|---|---|---|
| BRENT ARDEN REECE, | ) | 2014 Unpublished Opinion No. 528 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 28, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Amended judgment summarily dismissing petition for post-conviction relief, affirmed.

McRae Law Office, PLLC; Steven R. McRae, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Brent Arden Reece appeals from the amended judgment of the district court summarily dismissing his petition for post-conviction relief. For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

Reece was arrested on suspicion of driving under the influence and was transported to the jail. At the jail, Reece refused a breath alcohol test, and an officer transported Reece to the hospital for a blood draw. Despite Reece's verbal and physical resistance, blood was drawn from Reece. The drawn blood was subsequently tested by a forensic scientist at the Idaho State Police forensic laboratory in Pocatello, and the test revealed a 0.110 blood alcohol content. Reece was charged with felony driving under the influence and was alleged to be a persistent violator. Following a jury trial, at which the forensic scientist testified as to the blood alcohol content, the jury found Reece guilty of felony driving under the influence, and Reece was

1

determined to be a persistent violator. Reece appealed, challenging his sentence, and we affirmed in *State v. Reece*, Docket No. 38661 (Ct. App. Sep. 24, 2012) (unpublished).

After Reece was found guilty, a letter from Idaho prosecutors to members of the Idaho State Bar identified issues at the Idaho State Police forensic laboratory in Pocatello. A summary from the Idaho State Police indicated that employees at the forensic laboratory in Pocatello, including the forensic scientist who testified as to Reece's blood alcohol content, had wrongfully maintained a box of unaccounted for drugs used for training purposes and tour displays. Employees, including the forensic scientist, concealed this box during audits of the facility. The summary also indicated that another employee had ordered a quantity of a drug (GHB) in excess of the amount authorized under the Idaho State Police Forensic Quality Manual. The employee also concealed the drug from inspectors and auditors.

After learning of the misconduct involving the forensic scientist, Reece filed a petition for post-conviction relief. The petition alleged that the State committed a *Brady*[1] violation by withholding and suppressing information concerning misconduct involving the forensic scientist. The petition also raised two counts alleging ineffective assistance of counsel. Relevant to this appeal, one count asserted that defense counsel provided ineffective assistance for failing to file a motion to suppress the evidence of Reece's arrest and blood draw.[2] The district court sua sponte filed a notice of intent to dismiss, and Reece responded. The district court then issued a memorandum decision and judgment summarily dismissing all of Reece's claims. Reece moved for reconsideration, and the court denied the motion. The court later issued an amended judgment dismissing Reece's petition for post-conviction relief with prejudice. Reece appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); s*ee also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of

---

[1]     *Brady v. Maryland*, 373 U.S. 83 (1963).

[2]     The other count, which is not at issue in this appeal, alleged that defense counsel provided ineffective assistance by failing to object to evidence and testimony.

2

evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

3

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

## III.

## ANALYSIS

Reece raises three issues on appeal. Reece contends that the district court erred by providing additional analysis in its memorandum decision as to why the court was dismissing Reece's *Brady* claim without providing him the opportunity to respond to the new analysis. Reece next asserts that the district court erred by summarily dismissing his post-conviction *Brady* claim. Finally, Reece argues that the district court erred by summarily dismissing his ineffective assistance of counsel claim concerning the blood draw. We address these in turn.

### A.    Notice of Intent to Dismiss

Reece avers that the district court erred by providing additional analysis in its memorandum decision as to why the court was dismissing Reece's *Brady* claim without providing him the opportunity to respond to the new analysis. If a district court determines claims alleged in a petition do not entitle the petitioner to relief, the district court must provide notice of its intent to dismiss and allow the petitioner twenty days to respond with additional facts to support his or her claims. I.C. § 19-4906(b); *Garza v. State*, 139 Idaho 533, 536, 82 P.3d 445, 448 (2003); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1201, 1206 (Ct. App. 2006). The district court's notice should provide sufficient information regarding the basis for its ruling so as to enable the petitioner to supplement the petition with the necessary additional facts, if they exist. *Crabtree*, 144 Idaho at 494, 163 P.3d at 1206; *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).

If the district court seeks to dismiss the petition for post-conviction relief on grounds different than those asserted in its notice of intent to dismiss, the court must again provide twenty days' notice. *See* I.C. § 19-4906(b); *see also Workman v. State*, 144 Idaho 518, 524, 164 P.3d 798, 804 (2007); *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). Otherwise, the petitioner has no opportunity to respond and attempt to establish a material issue of fact. *See Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010). However, if the district court summarily dismisses a post-conviction petition relying in part on the grounds presented by the court in its notice of intent, without providing new grounds, the notice requirement has been met. *See Kelly*, 149 Idaho at 523, 236 P.3d at 1283.

Reece challenges the notice given by the district court on the ground that the court did not put him on notice that he had failed to establish prejudice for the alleged *Brady* violation. Reece

5

raised the notice argument in his motion for reconsideration and the district court denied the motion because it determined that it had provided Reece notice of the prejudice issue. Prejudice, in the context of *Brady*, requires a reasonable probability of a different result. *Kyles v. Whitley*, 514 U.S. 419, 433 (1995). "A 'reasonable probability' of a different result is accordingly shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Id.* at 434 (quoting *United States v. Bagley*, 473 U.S. 667, 678 (1985)). In the notice of intent to dismiss, the district court analyzed the alleged *Brady* violation and discussed how the court would not likely have admitted the evidence, how the evidence did not indicate mishandling of evidence in Reece's case, how the evidence was unrelated to the forensic scientist's testimony regarding Reece's lab results, and how Reece had an opportunity to cross-examine the forensic scientist concerning how she handled the evidence in this case. After the notice of intent to dismiss, Reece specifically addressed the prejudice element in his reply to the notice of intent to dismiss, noting that the forensic scientist was the only witness to testify to the blood alcohol content and noting that the forensic scientist testified as to her procedure in testing the evidence. It is apparent from the notice of intent to dismiss that Reece was put on notice that there was no resulting prejudice from the alleged *Brady* violation.[3] Accordingly, the notice requirement was satisfied. *See Kelly*, 149 Idaho at 523, 236 P.3d at 1283.

## B.     Alleged *Brady* Violation

A petition for post-conviction relief may assert a *Brady* violation. *See* I.C. § 19-4901(a)(1). "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Prejudice requires a reasonable probability of a different result, which is shown "when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Kyles*, 514 U.S. at 434 (quoting *Bagley*, 473 U.S. at 678).

---

[3]     The district court also analyzed Idaho Code § 19-4901(a)(4) and determined that the evidence of the alleged *Brady* violation was impeachment evidence and could not be used to vacate the conviction. This erroneous ground was not utilized by the district court in its memorandum decision.

Here, Reece has not shown that prejudice ensued. The forensic scientist's misconduct did not relate to mishandling of evidence in this case, did not concern the procedure or protocol implemented for testing blood for alcohol concentration, and did not indicate that the results of Reece's blood alcohol test were compromised. In short, evidence of the forensic scientist's misconduct has not undermined confidence in the outcome of the trial. Accordingly, Reece has not raised a genuine issue of material fact as to his alleged *Brady* violation. Thus, the district court did not err by summarily dismissing Reece's alleged *Brady* violation.

## C.      Ineffective Assistance of Counsel

In his petition for post-conviction relief, Reece asserted that his arrest and blood draw were in violation of the Fourth Amendment and that his blood was illegally and unlawfully drawn from his body, citing *Missouri v. McNeely*, 569 U.S. ___, 133 S. Ct. 1552 (2013), a case decided after Reece's judgment of conviction and sentence were affirmed on direct appeal.[4] Following the district court's notice of intent to dismiss, Reece argued that he had the right to limit or withdraw his consent to the blood draw at the time of the blood draw. In the memorandum decision, the district court determined that the motion to suppress would not have been granted because of Idaho's implied consent law. Additionally, the court reasoned that Reece did not have the right to withdraw or revoke the implied consent, citing *State v. Diaz*, 144 Idaho 300, 160 P.3d 739 (2007). On appeal, Reece argues that the district court erred by summarily dismissing his ineffective assistance of counsel claim. Specifically, Reece avers that he submitted facts that raised a genuine issue of material fact as to whether his counsel provided ineffective assistance by failing to file a motion to suppress because of the forced blood draw. Reece also challenges the district court's reliance on *Diaz*, asserting that the facts in Reece's case are markedly different. The State contends that Reece failed to raise a genuine issue of material fact and failed to show that a motion to suppress by his defense counsel would have been successful.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the

___

[4]      Although Reece argues that his blood draw was unlawful, he does not challenge his arrest.

7

deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

Determinative of this issue is the fact that even if defense counsel had filed the motion to suppress evidence from the blood draw, the motion would not have been granted based on the law at the time of the blood draw and conviction. As Reece acknowledges in his reply brief, "Idaho case law at the time held that blood draws were within [the] exigency exception to [the] warrant requirement." *E.g.*, *State v. DeWitt*, 145 Idaho 709, 712, 184 P.3d 215, 218 (Ct. App. 2008) ("It is well established that blood draws to test for alcohol concentration fall within this exigency exception because blood alcohol content diminishes over time, and valuable evidence would be lost in the time required to obtain a warrant."). Moreover, as the district court addressed in its notice of intent to dismiss and its memorandum decision, at the time of Reece's conviction, Idaho's implied consent law, Idaho Code § 18-8002(1), did not provide the driver with the ability to revoke consent. *State v. LeClercq*, 149 Idaho 905, 909, 243 P.3d 1093, 1097 (Ct. App. 2010); *see also State v. Woolery*, 116 Idaho 368, 371-74, 775 P.2d 1210, 1213-16 (1989); *DeWitt*, 145 Idaho at 713-14, 184 P.3d at 219-20. Thus, the district court would have

found that an exigency existed, even if due solely to the fact that Reece was suspected of driving under the influence, that would have permitted the forced draw of Reece's blood or would have found that Reece consented to the blood draw via Idaho's implied consent law.

Although Reece avers that defense counsel should have made an argument like the argument made in *Missouri v. McNeely*, 569 U.S. ___, 133 S. Ct. 1552,[5] defense counsel is not deficient for not raising a claim that Idaho courts have rejected repeatedly. *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[W]e have noted previously that there is no general duty on the part of defense counsel to anticipate changes in the law and that counsel is not ineffective for failing to raise a claim that Texas courts have rejected repeatedly." (citation omitted)); *see also Piro v. State*, 146 Idaho 86, 91, 190 P.3d 905, 910 (Ct. App. 2008) ("Although the failure to advance an established legal theory may result in ineffective assistance of counsel under *Strickland*, the failure to advance a novel theory will not."). Even in undeveloped areas of law, our Courts have not found deficient performance where counsel fails to argue a novel theory. *Schoger v. State*, 148 Idaho 622, 630, 226 P.3d 1269, 1277 (2010); *Piro*, 146 Idaho at 92, 190 P.3d at 911.

Accordingly, Reece has not raised a genuine issue of material fact as to whether his defense counsel should have filed a motion to suppress evidence of the blood draw.[6] Hence, the district court did not err by summarily dismissing Reece's ineffective assistance of counsel claim.

---

[5] Reece does not clarify which argument should have been made by counsel, but we assume Reece contends that defense counsel should have argued the ultimate holding of *Missouri v. McNeely*, 569 U.S. ___, 133 S. Ct. 1552 (2013): "We hold that in drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." *Id.* at ___, 133 S. Ct. at 1568. The case and holding, though, were limited to non-consensual blood draws. *Id.* at ___, 133 S. Ct. at 1556.

[6] To the extent that Reece argues that his defense counsel should have moved to suppress evidence of the blood draw because the force used in the blood draw was unreasonable, we will not consider this issue because it was not raised below. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

## IV.
## CONCLUSION

We conclude that Reece was provided notice by the district court of the lack of *Brady* prejudice--the ground the district court eventually dismissed Reece's alleged *Brady* violation on. We also conclude that the court did not err by summarily dismissing Reece's petition for post-conviction relief. Reece did not raise a genuine issue of material fact as to the alleged *Brady* violation because Reece failed to show that prejudice ensued. Reece also did not raise a genuine issue of material fact as to whether his defense counsel provided ineffective assistance by failing to move to suppress evidence of Reece's blood draw because the motion to suppress would not have been granted. For these reasons, the amended judgment summarily dismissing Reece's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**