**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42858**

| | | |
|---|---|---|
| **TROY DWAYNE PAYNE,** | ) | 2016 Opinion No. 16 |
| | ) | |
| **Petitioner-Appellant,** | ) | Filed: February 26, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u> <u>in</u> <u>part</u>, <u>vacated</u> <u>in</u> <u>part</u>, <u>and</u> <u>remanded</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Troy Dwayne Payne appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Specifically, Payne argues he raised a genuine issue of material fact regarding ineffective assistance of his trial counsel for failing to request jury instructions on two defenses--innocent or temporary possession and misfortune or accident. For the reasons set forth below, the district court's order summarily dismissing Payne's petition for post-conviction relief is affirmed in part, vacated in part, and remanded.

**I.**

**FACTS AND PROCEDURE**

Without any prior notice, Payne went to the home of a law enforcement officer and handed the officer a small container filled with methamphetamine. Payne was charged with

1

possession of a controlled substance, I.C. § 37-2732(c)(1), for possessing the methamphetamine that he gave to the officer. At trial, Payne testified that an acquaintance tossed the container into Payne's car and, in an effort to "do the right thing," he took it to the police as soon as he realized that it contained drugs. Payne appealed his judgment of conviction and this Court affirmed in an unpublished opinion. *State v. Payne*, Docket No. 38918 (Ct. App. Aug. 2, 2012). Payne filed a petition for post-conviction relief, alleging that his trial counsel was ineffective for failing to request a jury instruction on the defense of innocent or temporary possession. He also alleged that his trial counsel was ineffective for failing to raise as a defense and provide a jury instruction consistent with I.C. § 18-201(3), which provides a defense for those who committed an act or made an omission charged through misfortune or by accident when it appears that there was not evil design, intention, or culpable negligence. The district court summarily dismissed both claims, holding Payne's claims were barred by res judicata and Payne had not raised an issue of material fact regarding his counsel's ineffective assistance. Payne appeals.

## II.

## STANDARD OF REVIEW

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

2

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

### A.    Res Judicata

In its order summarily dismissing Payne's petition for post-conviction relief, the district court held:

> [T]he conclusion of the Court of Appeals in the direct appeal that the failure of the court to instruct on the defense of "misfortune or accident" under Idaho Code § 18-201(3), had such issue been preserved for appeal, was harmless error is *res judicata* and binding on this court. The Court of Appeals concluded that the

4

failure to instruct on misfortune or accident was harmless error . . . [and] declared beyond a reasonable doubt that the error did not contribute to the verdict.

The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007). On direct appeal, the sole issue was whether the district court erred by denying Payne the opportunity to testify regarding his lack of intent to possess methamphetamine, thereby preventing Payne from presenting his defense to the charge. This Court's ruling was narrow. We held that the district court did not preclude Payne's testimony regarding his intent to possess methamphetamine. This Court further held that, even if the district court had ruled that Payne could not present his defense, the error would have been harmless because Payne testified, nonetheless, that he did not intend to possess methamphetamine.

This Court's opinion did not address whether Payne's trial counsel was ineffective for failing to request a jury instruction regarding his defense. To the contrary, this Court's opinion explained that the failure to instruct the jury on misfortune or accident, in accordance with I.C. § 18-201(3), was attributable to Payne, whose trial counsel failed to request the jury instruction despite presenting evidence and argument consistent with the defense and despite the district court's request for such a jury instruction. Because Payne has not raised the same issue on post-conviction as was raised on direct appeal, his claim of ineffective assistance of counsel is not barred by the principle of res judicata. Therefore, the district court erred in dismissing Payne's petition for post-conviction relief on the basis of res judicata.

### B.     Failure to Request Jury Instructions

#### 1.     Innocent possession or temporary possession

Payne alleges that he raised a genuine issue of material fact that his trial counsel was ineffective for failing to request a jury instruction on the defense of innocent or temporary possession. Payne acknowledges that Idaho courts have not addressed the question of whether Idaho recognizes a defense of innocent or temporary possession, although he cites to cases from several jurisdictions that have adopted the defense. While the failure to advance an established legal theory may result in ineffective assistance of counsel under *Strickland*, the failure to advance a novel theory will not. *Piro v. State*, 146 Idaho 86, 91, 190 P.3d 905, 910 (Ct. App.

5

2008). The defense theory of innocent or temporary possession is not established under Idaho law and, therefore, Payne's trial counsel was not objectively deficient for failing to request a jury instruction on that defense.

### 2.    Idaho Code Section 18-201(3)

Payne also alleged that his trial counsel was ineffective for failing to provide a jury instruction consistent with I.C. § 18-201(3), which provides:

> All persons are capable of committing crimes, except those belonging to the following classes:
>
> . . . .
>
> (3)    Persons who committed the act or made the omission charged, through misfortune or by accident, when it appears that there was not evil design, intention or culpable negligence.

The questions here are whether Payne's trial counsel's failure to request a jury instruction consistent with I.C. § 18-201(3) constitutes deficient performance and whether Payne was prejudiced by trial counsel's deficiency.

In our opinion on direct appeal, this Court explained:

> [D]uring closing arguments, defense counsel presented extensive arguments, without objection, that as soon as Payne discovered that he possessed narcotics, he attempted to do the right thing and that he did not have the intent to possess them because his only intent was to turn them over to the police. The district court repeatedly invited defense counsel to submit proposed instructions to support his defense theory and to provide the court with supporting case law, but defense counsel declined to do so. It is thus apparent that the district court did not prevent any presentation of a defense by Payne; Payne was allowed to testify about how he came into possession of the methamphetamine and about his intent or motive to deliver it to law enforcement, and the district court did not reject any jury instruction regarding the claimed defense inasmuch as Payne never requested one.

In addition, this Court explained:

> [T]he State readily acknowledges that "circumstances such as [those] alleged by Payne, where an otherwise innocent person accidentally or unintentionally acquires possession of a controlled substance he or she does not want, falls within this statute." However, in the district court defense counsel never referred to this statute or to a "misfortune or accident defense" and did not request any jury instruction based on the statute. Because Payne did not raise a defense of accident or misfortune at trial, nor refer to this statute, the issue is not preserved for appeal and we do not address it.

6

This Court's holding on direct appeal, reiterated by Payne in his petition for post-conviction relief, is sufficient to meet Payne's prima facie burden under *Strickland* of providing evidence that his trial counsel's performance was deficient.

In order to prove prejudice, Payne provided an affidavit from one of the jurors at Payne's trial. In her affidavit, the juror explained that, based on the jury instructions given by the district court, the juror felt constrained to find Payne guilty under the law provided. The juror also explained that, after rendering the verdict, the juror was so distressed that she wrote a letter to district court explaining the juror's concerns with the law. Most importantly, the juror explained that had the jury "been instructed that it could have found Mr. Payne not guilty if he only possessed the methamphetamine long enough to turn it over to law enforcement, [I] would have voted to acquit Mr. Payne."

The state argues that I.R.E. 606(b) precluded the district court from considering statements the juror made in her affidavit. Rule 606(b) provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon the juror's or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes, but a juror may testify on the questions whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror and may be questioned about or may execute an affidavit on the issue of whether or not the jury determined any issue by resort to chance.

The Idaho appellate courts have held that neither juror testimony nor juror affidavits are admissible to prove prejudice in a post-conviction case. *See Roberts v. State*, 132 Idaho 494, 496, 975 P.2d 782, 784 (1999); *Reynolds v. State*, 126 Idaho 24, 27, 878 P.2d 198, 201 (Ct. App. 1994). Accordingly, the juror's affidavit was inadmissible under Rule 606(b).

Because the juror's affidavit was not admissible, our next inquiry is whether Payne provided other evidence that he was prejudiced by his trial counsel's deficient performance. Payne provided some evidence that his direct appeal was prejudiced by his trial counsel's failure to request a jury instruction on the defense of misfortune or accident under I.C. § 18-201(3). As noted above, this Court declined to address one of Payne's issues on appeal because it was not

7

preserved. In addition, at trial, Payne testified that he obtained the methamphetamine when it was thrown to him without his request, knowledge, or consent and that he took it directly to an officer. The state offered no evidence to rebut Payne's testimony regarding how he came into possession of the methamphetamine.[1]   Idaho Criminal Jury Instruction 1508 (misfortune or accident) closely follows I.C. § 18-201(3) and provides:

> All persons are capable of committing crimes, except those who committed the act or made the omission charged through misfortune or by accident when it appears that there was not evil design, intention or culpable negligence.

If the jury believed Payne's testimony, it would have been required to acquit Payne under I.C. § 18-201(3) because Payne would not have been capable of committing the crime of possession of a controlled substance under those circumstances. However, because the jury was not provided an instruction consistent with I.C. § 18-201(3), the jury was bound to find Payne guilty of possession of a controlled substance, even if it believed Payne's story regarding how he came into possession of the methamphetamine. Under the circumstances of this case, Payne's unrebutted testimony, coupled with a failure to request a jury instruction consistent with I.C. § 18-201(3), leads this Court to conclude that Payne met his prima facie burden of demonstrating prejudice. Because Payne raised a genuine issue of material fact regarding his trial counsel's ineffective assistance, the district court's summary dismissal of Payne's petition for post-conviction relief was error.

## IV.

## CONCLUSION

The district court erred in dismissing Payne's petition for post-conviction relief on the basis of res judicata because the issues raised to this Court on direct appeal were distinct from the issues raised in his petition for post-conviction relief before the district court. Payne did not establish a genuine issue of material fact regarding his trial counsel's deficient performance for failing to request a jury instruction on the defense of innocent or temporary possession. However, Payne did establish a genuine issue of material fact regarding his trial counsel's deficient performance for failing to request a jury instruction consistent with I.C. § 18-201(3).

---

[1]     On direct appeal, the state conceded that the evidence presented to the jury supported an instruction on accident or misfortune, consistent with I.C. § 18-201(3).

8

Therefore, we affirm summary dismissal of the claim regarding innocent or temporary possession and vacate and remand as to the claim relating to I.C. § 18-201(3). Costs, but not attorney fees, are awarded to Payne on appeal.

Judge GRATTON and Judge HUSKEY, **CONCUR**.