**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49217**

| | |
|---|---|
| SHARRON AMANDA BILLS, ) | |
| ) | **Filed: March 9, 2023** |
| Petitioner-Appellant, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Respondent. ) | |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Ferguson Durham, PLLC; Craig H. Durham, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Sharron Amanda Bills appeals from the district court's judgment summarily dismissing her petition for post-conviction relief. Bills alleges the district court erred in denying her motion for appointment of counsel and summarily dismissing her petition because she raised the possibility of a valid claim and alleged facts that, if true, would entitle her to post-conviction relief. Because Bills did not demonstrate the possibility of a valid claim for post-conviction relief, the district court did not err and the judgment summarily dismissing her petition is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, following the execution of a search warrant, the State charged Bills with felony trafficking in heroin, felony possession of methamphetamine, and misdemeanor possession of drug paraphernalia. *State v. Bills*, 166 Idaho 778, 779-80, 463 P.3d 412, 413-14 (Ct. App. 2020). Bills filed a motion to suppress, arguing the search of her person

1

was unlawful because the officer did not have reason to believe Bills was armed or presently dangerous and any statements derived from the unlawful search should be suppressed. *Id.* at 780, 463 P.3d 414. After a hearing, the district court denied Bills' motion to suppress, in part, and granted it in part. *Id.* Bills entered a conditional guilty plea to the charges, reserving the right to appeal the district court's denial of her motion to suppress. *Id.*

On appeal, Bills conceded the drugs found on her person were admissible under the inevitable discovery doctrine. However, Bills alleged the district court erred because it should have suppressed the statements she made to the officer when confronted with the drugs found on her person. *Id.* We agreed. *Id.* at 781, 463 P.3d at 415. We held the district court erred by not suppressing the statements at issue and remanded the case for further proceedings. *Id.* at 782, 463 P.3d at 416. Upon remand, Bills entered into a plea agreement in which she agreed to plead guilty to all charges, including the persistent violator enhancement, in exchange for a recommended sentence by the State of twenty-two years, with ten years determinate. According to the terms of the agreement, Bills waived "the right to file, and agree[d] not to file . . . any appeal of <u>any</u> issues in this case . . . including all suppression issues." Bills completed a guilty plea advisory form in which she repeatedly attested to her ability to enter a knowing, intelligent, and voluntary plea. The district court accepted Bills' guilty plea and imposed sentence.

Bills subsequently filed a petition for post-conviction relief, alleging ineffective assistance of appellate counsel for failing to challenge the district court's denial of her motion to suppress because the search warrant was expired and void under the expired warrant theory. Bills argued that if her appellate counsel had raised on appeal the expired warrant theory, this Court would have held that *all* evidence obtained as a result of the search warrant (both the drugs found on Bills and her statements to the officer) should have been suppressed.[1] Bills filed a motion for the appointment of post-conviction counsel.

The district court denied Bills' motion for the appointment of counsel and gave notice of its intent to dismiss her petition for post-conviction relief. The district court found that Bills' claim of ineffective assistance of appellate counsel was frivolous because she had not set forth any facts that would entitle her to post-conviction relief. Specifically, the district court found Bills could

---

[1]     Bills does not provide any information that the expired warrant theory was raised in the district court and, therefore, preserved for appellate review. Bills similarly does not explain how the issue could be raised on direct appeal if it was not raised in the district court.

not establish her appellate counsel provided deficient performance or that she was prejudiced because Bills' counsel pursued a claim on appeal that achieved the exact relief she now sought-- vacation of her conviction. Thus, whether appellate counsel could have achieved this result on an additional or separate ground was irrelevant. Additionally, the district court found because, upon remand, Bills waived her right to appeal the trial court's decisions on any suppression claims, she waived her right to appeal the exact issue she complained of in her petition for post-conviction relief.

Bills filed a motion to reconsider post-conviction. In the motion, Bills did not address any of the issues raised in the district court's notice of intent to dismiss. Instead, Bills raised a new claim, stating:

> I am asking for reconsideration [i]neffective assistance of [trial counsel] and medical & mental distress. Jail refusing to give me the medical treatments needed for my medical care & mental ability to be able to make clear choices in my case, decisions were made in my case with me not being clear headed to be pleaing [sic] guilty to my case.

In an accompanying affidavit, Bills asserted that the "Jail refus[ed] to give me the medical & mental treatment needed for me to be able to make clear & right choices regauarding [sic] my case. I was not in my right mind to be pleaing [sic] guilty to my case."

The district court construed Bills' motion for reconsideration as a response to its notice of intent to dismiss. The court found Bills did not address the deficiencies listed in the notice of intent to dismiss and "instead now avers, for the first time, that she was unable to enter her guilty plea knowingly and voluntarily because she had not been provided her medication prior to the plea hearing and was not 'clear headed.'" Further, the court found this new claim was clearly and unequivocally disproven by the record. For example, before pleading, Bills completed and signed a guilty plea advisory form in which she attested that she was capable of understanding the proceedings; nothing affected her ability to enter a voluntary guilty plea or her decision to plead guilty; and there was no other reason that she could not make a reasoned and informed decision in the case. The court acknowledged that while these statements differed from what Bills asserted in her motion for reconsideration and accompanying affidavit, it was not required to conduct an evidentiary hearing to determine which statements were more credible. Accordingly, the district

3

court denied Bills' motion for reconsideration and dismissed her petition for post-conviction relief. Bills appeals.[2]

## II.

## ANALYSIS

Bills argues the district court erred in denying her motion for appointment of counsel and dismissing her petition for post-conviction relief. Bills argues the district court erred by denying her motion for appointment of post-conviction counsel because she raised the possibility of two valid claims for relief: (1) ineffective assistance of appellate counsel for failing to raise the expired warrant theory claim on appeal; and (2) ineffective assistance of trial counsel for allowing her to plead guilty when she was not mentally competent to do so.[3] Bills additionally contends both claims contain facts that, if true, would entitle her to post-conviction relief and as such the district court erred by summarily dismissing her petition. In response, the State alleges the district court did not err.

### A.     The District Court Did Not Err by Denying Appointment of Post-Conviction Counsel

Bills argues the district court erred by denying her motion for appointment of counsel because both her claim of ineffective assistance of appellate counsel for failing to raise the expired warrant theory and her claim of ineffective assistance of trial counsel for allowing her to plead guilty when she was not mentally competent raised the possibility of a valid claim for relief. First, Bills argues her claim of ineffective assistance of appellate counsel raised the possibility of a valid claim because the underlying question of the expired warrant theory--whether a search warrant that would otherwise expire on a holiday is valid the next day--is unresolved in Idaho and resolved favorably to Bills' position in other states. Second, Bills contends her ineffective assistance of trial counsel claim raised the possibility that she was not mentally competent to waive constitutional rights and that her trial counsel was ineffective in not ensuring her competency before permitting her to plead guilty. In response, the State alleges the district court did not err by

---

[2]     Bills' appeal was deemed timely pursuant to the mailbox rule. *Munson v. State*, 128 Idaho 639, 643, 917 P.2d 796, 800 (1996) (holding petition delivered to prison authorities for mailing prior to filing deadline is timely, even if petition is not received by court clerk until after the deadline).

[3]     The claim was not raised in Bills' petition for post-conviction relief; instead, as noted above, it was first raised in her motion for reconsideration in response to the district court's notice of intent to dismiss.

denying Bills' motion for appointment of counsel because both of her post-conviction claims were meritless.

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id*.

In determining whether to appoint counsel pursuant to Idaho Code § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that a petition filed by a pro se petitioner may be conclusory and incomplete. *Id*. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id*. Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

### 1. The district court did not err in denying appointment of counsel for ineffective assistance of appellate counsel claim

The district court did not err by denying Bills' motion for appointment of counsel for her ineffective assistance of appellate counsel claim because the expired warrant theory is meritless under applicable Idaho statutes and rules and, even if the statutes and rules did not address the issue, her appellate counsel would not have provided ineffective assistance by failing to raise a novel theory on appeal.

A claim of ineffective assistance of appellate counsel is reviewed under the same standard as a claim of ineffective assistance of trial counsel. *Thompson v. State*, 164 Idaho 821, 831, 436 P.3d 642, 652 (2019). As such, to prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner

has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Bills cannot establish a viable claim of ineffective assistance of appellate counsel for not raising the expired warrant theory on appeal because she cannot establish either *Strickland* prong required for such a claim. First, despite Bills' contentions, her appellate counsel did not provide deficient performance because, in Idaho, a search warrant that expires on a non-judicial day can be timely executed the following day and, consequently, the expired warrant theory is meritless. Second, even if the issue were unresolved, Bills cannot establish that her appellate counsel provided deficient performance by failing to raise a novel theory on appeal. Finally, Bills cannot establish that she was prejudiced by appellate counsel's decisions on appeal. Each will be addressed in turn.

Time limits upon the execution of warrants have been imposed in Idaho by statute and court rule. *Wolf v. State*, 152 Idaho 64, 69, 266 P.3d 1169, 1174 (Ct. App. 2011). Idaho Code § 19-4412 provides that a search warrant must be executed and returned to the magistrate who issued it within fourteen days of the date it is issued. Similarly, Idaho Rule of Criminal Procedure 41(d)(3) provides that a search warrant must command an officer to execute the search within a specified period of time, not to exceed fourteen days. Thus, while a search warrant must be executed within a period not to exceed fourteen days, a trial court may shorten this time as it finds appropriate. However, because neither I.C. § 19-4412 nor Idaho Criminal Rule 41(d)(3) specify how the expiration date of the warrant should be calculated, we look to I.C.R. 45 for guidance. Idaho Criminal Rule 45(a) governs time period computation for "*any* time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time" and specifies how time periods are calculated. (Emphasis added.) First, the day of the event that triggers the period is excluded. I.C.R. 45(a)(1). Thereafter, every calendar day is counted and

includes the last day of the time period at issue. I.C.R. 45(a)(2), (3). However if the last day is a Saturday, Sunday, or non-judicial day, then "the period continues to run until the next day that is not a Saturday, Sunday or non-judicial day." I.C.R. 45(a)(3). A referenced list of non-judicial days includes the "[t]hird Monday in January (Martin Luther King, Jr.-Idaho Human Rights Day)." I.C. § 73-108. Accordingly, a search warrant that expires on a non-judicial day may be timely executed the following day.

Here, it is uncontested that Bills' alleges the ten-day search warrant in her criminal case was issued January 5, 2018, and was executed on January 16, 2018. Pursuant to the calculation rules outlined above, the day the search warrant was issued is excluded; the ten-day calculation period thus begins on and includes January 6, 2018. Counting every calendar day thereafter, the search warrant expired on January 15, 2018. However, because January 15, 2018, was a state-and federally-recognized holiday and a designated non-judicial day, the search warrant did not expire until the next day. Thus, the officers had until the end of the next day, January 16, 2018, to timely execute the warrant. As it is uncontested, the officers executed the search on January 16, 2018, the search was lawful and, therefore, Bills' argument that her appellate counsel performed deficiently for declining to raise the expired warrant theory is meritless. Consequently, Bills did not establish the possibility of a valid claim, and the district court did not err by denying Bills' motion for appointment of counsel for this claim.

However, even if the expired warrant theory was unresolved in Idaho, the district court still would not have erred by denying Bills' motion for appointment of counsel because Bills could not establish her appellate counsel provided deficient performance for failing to raise a novel claim. While a post-conviction petitioner may raise a claim of ineffective assistance of appellate counsel for failing to raise a specific claim, it is difficult to demonstrate that counsel's performance was deficient in this regard because the hallmark of effective appellate advocacy inherently involves winnowing out weaker arguments to focus on those more likely to prevail. *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007). Appellate counsel may fail to raise an issue on appeal because counsel foresees little or no likelihood of success on that issue, *Schiermeier v. State*, ___ Idaho ___, ___, 521 P.3d 699, 704 (2022), or because counsel wishes to focus on stronger claims. *Mintun*, 144 Idaho at 661, 168 P.3d at 45. Thus, Idaho courts have recognized a defendant does not have a constitutional right to compel her appellate counsel to raise all non-

frivolous arguments and, relatedly, appellate counsel does not provide deficient performance by declining to raise all arguments which may have support in the record. *Id.*

Ultimately, to demonstrate deficient performance of appellate counsel for failure to raise a claim on appeal, the petitioner must show counsel made an objectively unreasonable decision to omit the claim. *Schiermeier*, ___ Idaho at ___, 521 P.3d at 704; *see also Smith v. Robbins*, 528 U.S. 259, 286 (2000). The Supreme Court of the United States held that when a claim of ineffective assistance of counsel is based on a failure to raise issues on appeal, generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome. *Robbins*, 528 U.S. at 288; *see also Schiermeier*, ___ Idaho at ___, 521 P.3d at 704. Therefore, Idaho appellate courts generally have held that appellate counsel does not provide deficient performance by failing to advance a novel theory in an undeveloped area of law. *Caldwell v. State*, 159 Idaho 233, 240, 358 P.3d 794, 801 (Ct. App. 2015).

Bills contests whether the expired warrant theory is resolved in Idaho and asserts that her appellate counsel's failure to raise the theory raises the possibility of a valid claim because while she had "not found an Idaho case that speaks precisely to whether a search warrant that would otherwise expire on a holiday is still valid the next day," cases in other states indicate that the warrant would not be valid. Thus, Bills acknowledges that the expired warrant theory would be a novel claim on direct appeal. However, she neither asserts nor explains how this novel issue was clearly stronger than the issue argued and that resulted in Bills' conviction being vacated. Additionally, Bills does not address how authority from other jurisdictions would negate I.C.R. 45, which explicitly addresses the question at hand.

To the extent the claim was novel, it is well established that Idaho courts will not find ineffective assistance of counsel for failing to raise a novel claim. *See Payne v. State*, 159 Idaho 879, 884, 367 P.3d 274, 279 (Ct. App. 2016); *Piro v. State*, 146 Idaho 86, 91, 190 P.3d 905, 910 (Ct. App. 2008). To the extent the argument was contradicted by the language in the court rule, Bills fails to establish it was a stronger claim than the claim raised on appeal. Thus, the record does not demonstrate that Bills' appellate counsel acted unreasonably by declining to raise an argument that was contrary to the specific language of I.C.R. 45 and instead raising an issue that resulted in Bills' conviction being vacated. *See Dunlap v. State*, 159 Idaho 280, 296, 360 P.3d 289, 305 (2015) (holding appellate counsel who files merits brief should not raise every non-frivolous claim, but rather select from among them in order to maximize likelihood of success on

8

appeal); *Mintun*, 144 Idaho at 661, 168 P.3d at 45 (holding winnowing out weaker arguments on appeal and focusing on those more likely to prevail, is hallmark of effective appellate advocacy); 24 C.J.S. Criminal Law § 2361 (2014) (appellate counsel not deficient for using reasonable professional judgment in deciding most promising issues for appellate review and counsel not required to raise issues which are reasonably considered meritless). Accordingly, the district court did not err in finding that Bills could not establish her appellate counsel rendered deficient performance in declining to raise the expired warrant theory.

Finally, Bills cannot establish as part of a potentially viable claim that she was prejudiced by her appellate counsel failing to raise the expired warrant theory on appeal. As previously articulated, to establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. A reasonable probability is a probability sufficient to undermine confidence in the outcome and requires a substantial, not just conceivable, likelihood of a different result. *State v. Dunlap*, 155 Idaho 345, 383, 313 P.3d 1, 39 (2013).

Bills does not argue there is a substantial likelihood that the outcome of the appeal would have been different, i.e., that this Court would have agreed with her expired warrant theory and ordered the suppression of all the evidence gathered in her case. Instead, she cites authority from other jurisdictions to assert that her appellate counsel had authority that would provide a "strong foundation" for the argument. A "strong foundation" for an argument is insufficient to establish that had Bills raised the expired warrant theory on appeal, there was a substantial likelihood that she would have prevailed on the claim. Because, as previously articulated, the expired warrant theory was substantively meritless, Bills failed to establish a reasonable probability that she was prejudiced by her appellate counsel's failure to raise the theory on appeal. The district court did not err in declining to appoint post-conviction counsel to pursue this facially frivolous claim.

### 2. The district court did not err in denying appointment of counsel for Bills' ineffective assistance of trial counsel claim

Bills alleged that the district court erred by denying appointment of post-conviction counsel for her ineffective assistance of trial counsel claim. Specifically, Bills contends her ineffective assistance of trial counsel claim raised the possibility that she was not mentally competent to waive constitutional rights and that her attorney was ineffective in not ensuring her competency before

9

permitting her to plead guilty. Because this claim was never properly before the district court for consideration, the court did not err by denying appointment of counsel for this claim.

Generally, all allegations relating to a request for post-conviction relief must be asserted in one petition. I.C. § 19-4908. A petitioner wanting to raise additional post-conviction issues must first obtain leave from the district court to raise those claims in an amended petition, *Cole v. State*, 135 Idaho 107, 111, 15 P.3d 820, 824 (2000). The procedure contemplated by the Uniform Post-Conviction Procedure Act does not permit new allegations to be raised in response to a notice of intent to dismiss. *Cowger v. State*, 132 Idaho 681, 686-87, 978 P.2d 241, 246-47 (Ct. App. 1999). This makes sense, as to allow additional claims to be raised in the response to the district court's notice of intent to dismiss would require the court to issue a further notice of intent to dismiss as to those claims, potentially creating an indefinite process where a petitioner could circumvent the dismissal of her petition simply by continuously raising new issues. *Id.* at 687, 978 P.2d at 247.

Bills raised her claim regarding her plea in her motion to reconsider the notice of intent to dismiss and does not challenge the district court's characterization of that document as a response to the notice of intent to dismiss. As a result, the only issue properly before the district court at the time it ruled on Bills' request for the appointment of post-conviction counsel was her claim that her appellate counsel was ineffective for failing to raise the expired warrant theory. Pursuant to *Cowger*, and regardless of whether the district court addressed the claim, because Bills did not raise the ineffective assistance of trial counsel claim regarding her guilty plea in her petition for post-conviction relief and never amended her petition to include the claim, this claim was never properly before the court for consideration.[4] As such, the district court did not err by failing to appoint Bills post-conviction counsel to pursue this claim.[5]

**B. The District Court Did Not Err by Summarily Dismissing Bills' Petition for Post-Conviction Relief**

Bills alleges the district court erred by summarily dismissing her petition for post-conviction relief because she alleged sufficient facts for both her ineffective assistance of appellate

---

[4] We note that although the district court addressed this claim in its final dismissal memorandum and order, it was not required to do so. *See Cowger v. State*, 132 Idaho 681, 687 n.2, 978 P.2d 241, 247 n.2 (Ct. App. 1999).

[5] We additionally note that because Bills asserted this claim for the first time in her motion for reconsideration, she never moved for the appointment of post-conviction counsel for this claim.

and trial counsel claims that, if true, would entitle her to relief. In response, the State argues the district court did not err.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Bills failed to demonstrate the possibility of a valid claim for post-conviction relief. Given that, it necessarily follows that she failed to establish a genuine issue of material fact regarding her claims. *See Grant*, 156 Idaho at 607, 329 P.3d at 389. Therefore, the district court did not err in summarily dismissing Bill's petition for post-conviction relief.

## III.

## CONCLUSION

Bills did not demonstrate the possibility of a valid claim for post-conviction relief. As such, the district court did not err by denying Bills' motion for appointment of counsel and

summarily dismissing her petition for post-conviction relief.  The judgment summarily dismissing Bills' petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.